UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACQUELINE M. BREWINGTON,
              Plaintiff,

v.     Civil Action No. 05-10919-MEL

NANCY COLEMAN,
              Defendant

_____

JACQUELINE M. BREWINGTON,
              Plaintiff,

v.     Civil Action No. 05-10920-MEL

KRIS FRANCOIS, ET AL.,
              Defendants

MEMORANDUM AND ORDER

LASKER, S.J.

For the reasons stated below, the above-captioned cases are dismissed, and the Plaintiff is warned that she is subject to sanctions. It is further Ordered that the bank card and health card information attached to the complaint in Civil Action No. 05-10920-MEL shall be Sealed.

BACKGROUND

1. Current Litigation

On April 29, 2005, Plaintiff Jacqueline Brewington filed four separate civil actions in this Court. Two of those actions were randomly assigned to other District Judges of this Court,[1] and two actions were directly assigned to this Court as related to previously-filed cases.

---

[1] See Brewington v. Dane Shulman, et al., C.A. 05-10934-WGY and Brewington v. Annette Hill Green, et al. C.A. 05-10935-REK

In Brewington v. Kris Francois,et al., C.A. 05-10920-MEL, Plaintiff alleges that Kris Francois (presumably nee Groteleuschen) and Aubrey O. Francois have bad title to her home in Dorchester. She claims she does not know how the Defendants got into her home, and claims that "...I can't get a lawyer because the lawyers and the judges are the ones that broke into my home and drawn up bad deeds and titles to my home and the judges has their names under my mother name on my home." Complaint, ¶ 9. Plaintiff claims to have been fighting with the Defendants since her mother's death in April 1998, and the Defendants have obtained a Restraining Order against her. Complaint, ¶ 10. Plaintiff seeks various relief, including an Order directing the Defendants to take the "for sale" sign off the fence, to conduct repairs, to vacate the Restraining Order against her and to pay $175,000 for pain and suffering.

In Brewington v. Nancy Coleman, C.A. 05-10919-MEL, Plaintiff alleges that Defendant Coleman is using her two car garage at the Dorchester residence, without her consent. She seeks various relief, including an order for Defendant to clean the driveway and make repairs on the garage, and that she keep off the property and keep others off the property. She also demands $200,000 for pain and suffering.

Accompanying each complaint was an Application to Proceed Without Prepayment of Fees. Each of those Applications has previously been allowed by this Court, by separate Order.

2.   Prior Litigation

On March 25, 2004, approximately thirteen months prior to the filing of the above captioned cases, Plaintiff had filed two complaints against the same Defendants, with identical claims. See Brewington v. Coleman, C.A. 04-10598-MEL and Brewington v. Kris Grotelueschen, et al., C.A. 04-10609-MEL. In both complaints, Plaintiff alleged she was the true owner of a home in

Dorchester, MA. In C.A. 04-10609-MEL, Plaintiff alleged Defendants "forced" her out of the home. She claimed that when she attempted to have Defendants Grotelueschen and Francois removed from the home, they asserted that they had title to the home. In C.A. 04-10598-MEL, Plaintiff contended that Defendant Coleman was using the garage at the Dorchester residence, without her consent.

On March 31, 2004, this Court issued a Memorandum and Order for dismissal of C.A. 04-10598-MEL and C.A. 04-10609-MEL, finding the Court lacked subject matter jurisdiction over Plaintiff's claims.

## ANALYSIS

I.      The Court May Screen these Actions

Because Plaintiff has sought, and was allowed, to file her two civil actions without prepayment of the filing fees, a review of each of the complaints is required to determine whether they satisfy the substantive requirements of the federal *in forma pauperis* statute. See 28 U.S.C. § 1915. Section 1915 of Title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees, if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Complaints filed *in forma pauperis* may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Here, Plaintiff's complaints are subject to *sua sponte* dismissal for the reasons set forth below.

II.     Plaintiff's Complaints are Duplicative of Previously Dismissed Complaints.

As noted above, Plaintiff has previously asserted claims based on the same underlying facts; namely, that the Francois defendants forced her out of her home, and defendant Coleman is using her garage at the Dorchester residence. Those actions were dismissed for lack of subject matter jurisdiction on March 31, 2004, <u>without</u> prejudice. Plaintiff did not appeal the dismissal; rather, over a year later, Plaintiff has chosen to re-assert virtually the same claims. Although the complaints are not identical, the claims are. However, this Court need not consider whether dismissal of the complaints is warranted on *res judicata* grounds, since the Plaintiff's claims are dismissible for lack of subject matter jurisdiction, as set forth in the March 31, 2004 Memorandum and Order.

The Court does, however, consider the Plaintiff's re-filing of identical claims at this juncture as evidence of the lack of good faith by the Plaintiff, especially since Plaintiff fails to address in these new filings, the deficiencies previously noted in the Court's March 31, 2004 Memorandum and Order.

III.    <u>The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaints</u>

As noted above, this Court has previously determined that Plaintiff's claims with respect to the defendants use of the Dorchester residence and garage, which Plaintiff claims to own. When subject matter jurisdiction is lacking, there can be no arguable rational basis in law or fact for a claim. <u>Mack v. Massachusetts</u>, 204 F. Supp. 2d 163, 166 (D. Mass. 2002). Accordingly, an action may be dismissed *sua sponte* and without notice under 28 U.S.C. § 1915. <u>Neitzke</u>, 490 U.S. at 327-328; <u>Denton</u>, 504 U.S. at 32-33.

Without reiterating the entire analysis previously set forth in the March 31, 2004 Memorandum and Order dismissing C.A. 04-10598-MEL and C.A. 04-10609-MEL, it is sufficient to re-state the Court's finding that, where Plaintiff alleges that she is entitled to possession of a

house and garage currently occupied or used by three private, non-diverse citizens, such claims do not invoke either the federal question jurisdiction under 28 U.S.C. § 1331, or diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Accordingly, Plaintiff's complaints are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IV.     Plaintiff is Subject to Future Sanctions

    A. Authority To Impose Sanctions under Fed. R. Civ. P. 11

Under Rule 11, this Court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2);[2] Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994); Pronav Charter II, Inc. v. Nolan, 206 F. Supp.2d 46, 54 (D. Mass. 2002)

---

[2]Rule 11 provides in pertinent part:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11.

(warning *pro se* party against whom sanctions were sought, albeit unsuccessfully, that Rule 11 applies to *pro se* litigants). One of the central purposes of Rule 11 is to protect parties and the Court from wasteful, frivolous, and harassing lawsuits, and the rule provides for sanctions as a deterrent to such abusive conduct. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992). "The imposition of a Rule 11 sanction usually serves two main purposes: deterrence and compensation. . . . Encompassed within these objectives are several related subsidiary goals, e.g., punishing litigation abuse and facilitating case management." Id. (internal citations omitted).

The Advisory Committee Notes regarding the 1993 amendments to Rule 11 set forth various factors that properly may be considered in determining whether sanctions under the rule are warranted.[3]

Here, the records of this Court show that Plaintiff has repeatedly attempted to bring new civil actions based in large part on the same legal theories and that these actions have been dismissed for failing to invoke the subject matter jurisdiction of this Court. Plaintiff's repeated attempts to bring her claims in federal court (as opposed to state court), when she has been explicitly advised that this Court has no jurisdiction over such claims, cannot be indulged. Repeated filing patterns such as these demonstrate that Plaintiff is an abusive litigant. Such behavior results in the expenditure of significant time and resources of the Court in processing, docketing, and reviewing

---

[3]These include: "[1][w]hether the improper conduct was willful, or negligent; [2] whether it was part of a pattern or activity, or an isolated event; [3] whether it infected the entire pleading, or only one particular count or defense; [4] whether the person has engaged in similar conduct in other litigation;"[5] whether it was intended to injure; [6] what effect it had on the litigation process in time or expense; [7] whether the responsible person is trained in the law; [8] what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and [9] what amount is needed to deter similar activity by other litigants. Fed. R. Civ. P. 11 Advisory Committee Notes (1993); Vasile v. Dean Witter Reynolds Inc., 20 F. Supp.2d 465, 506 (E.D.N.Y. 1998), aff'd, 205 F.3d 1327 (2nd Cir. 2000).

the filings. I take into consideration that Plaintiff is not an attorney, however, her status as a *pro se* litigant cannot entirely immunize her from sanctions.

Serious measures may be taken in order to make clear to the Plaintiff that her repetitive misconduct will be curbed. See Vasile v. Dean Witter Reynolds Inc., 20 F. Supp.2d 465, 506 (E.D.N.Y. 1998), aff'd, 205 F.3d 1327 (2d Cir. 2000) ("a substantial sanction is needed to send [the pro se litigant] a message that this litigation must be set to rest"). Cf. In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 124, 131 (S.D.N.Y. 1999) (holding that "[t]he continued assertion of a factual or legal argument long after that argument has proven to be completely baseless is sanctionable conduct, as is 'the waste of judicial resources and resulting inefficiencies and delays that affect all actual and potential litigants in the federal courts.'") (internal citations omitted); Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (in upholding imposition of monetary sanctions pursuant to Rule 11 against a pro se litigant, noting that such a litigant "'has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets'") (quoting Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986)).

B.  Authority To Impose Sanctions under Court's Inherent Powers

In addition to the power to impose sanctions under Rule 11, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through the issuance of orders or the imposition of monetary sanctions for bad faith, vexatious, wanton, or oppressive behavior. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same); John's Insulation, Inc. v. L. Addison & Associates, Inc., 156 F.3d 101, 109 (1st Cir. 1998) (finding no abuse of discretion when

district court, under inherent powers rather than Rule 41, dismissed complaint and entered default judgment as a sanction for plaintiff's "protracted delay and repeated violation of court orders"); Alexander v. United States, 121 F.3d 312, 315-316 (7th Cir. 1997) (pursuant to court's inherent authority, sanctioning inmate $500 on account of his repetitious, meritless litigation). A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427 (1st Cir. 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) for the proposition that "[f]ederal courts . . . possess discretionary powers to regulate the conduct of abusive litigants" and Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) for the power to enjoin a party from filing "frivolous and vexatious lawsuits" pursuant to such authority).

For the reasons previously set forth, in addition to the finding that Plaintiff's conduct is abusive, I find her conduct to be vexatious,[4] and the imposition of sanctions in the future may be warranted pursuant to this Court's inherent authority as well.

Accordingly, Plaintiff is hereby warned that similar conduct in filing abusive, frivolous, or vexatious filings in this Court may result in the imposition of sanctions, including an order enjoining her from further filings in this Court.

V.    Order to Seal Attachment

---

[4]Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord Alexander, 121 F.3d 315-16 (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent, Local 285 Serv. Employees Int'l, 64 F.3d at 737, and "to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Attached to Plaintiff's complaint in C.A. 05-10920-MEL is a copy of Plaintiff's bank and health cards, revealing confidential or identifying information. In accordance with this Court's practices regarding such information, it is hereby Ordered that the clerk shall Seal the attachment containing such information.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Civil Action No. 05-10919-MEL is Dismissed.

2. Civil Action No. 05-10920-MEL is Dismissed.

3. Plaintiff is warned that further abusive, frivolous, or vexatious filings may result in the imposition of sanctions, including an order enjoining her from further filings in this Court.

4. The bank card and health card information attached to the complaint in Civil Action No. 05-10920-MEL shall be Sealed.

/s/ Morris E. Lasker
MORRIS E. LASKER
SENIOR, UNITED STATES DISTRICT JUDGE

Dated: June 5, 2005